IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Chinjindu Chris Maduka,** : | |
| **Plaintiff** : | |
| : | **Civ Action No.: _____** |
| v. : | |
| : | |
| : | |
| **Tropical Naturals Ltd.,** : | |
| **Defendant** : | |

## COMPLAINT

Chinjindu Chris Maduka, individually, by way of this Complaint against Tropical Naturals Ltd., a Nigerian business entity, on knowledge, information and belief, alleges as follows:

### Nature of the Action

1. This is a civil action for trademark infringement, unfair competition and trademark dilution under the trademark laws of the United States, including 15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and 1125(c); common law trademark infringement and common law unfair competition; and trademark dilution under 54 Pa.Cons.Stat.Ann. §1124.

### The Parties

2. Plaintiff Chinjindu Chris Maduka ("Maduka" or "Plaintiff") is an individual having an address of 1305 South Cedar Street, Suite 501, Lansing, MI 48910.

1

3. Defendant Tropical Naturals Ltd. ("Tropical" or "Defendant") is a Nigerian business entity having an address of 6 Wempco Road, Ogba Industrial Estate, Ikeja, Lagos, Nigeria.

## JURISDICTION AND VENUE

4. The Court has personal jurisdiction over Defendant because, upon information and belief, Defendant regularly conducts business in the Commonwealth of Pennsylvania, and one or more of Defendant's distributors and/or retailers operates a business selling products to residents of Pennsylvania under the infringing mark DUDU-OSUN in the Commonwealth of Pennsylvania and via the distributors'/retailers' website.

5. Upon information and belief, Defendant has sold products bearing the infringing mark DUDU-OSUN to House of Beauty located at 1212 Chestnut Street, Philadelphia, PA 19107 (See http://www.houseofbeautyworld.com/trnaduosblso.html, a screenshot of which is attached hereto as Exhibit A) and other beauty product distributors and wholesalers in the Commonwealth of Pennsylvania.

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

7. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) because sales of the infringing products have occurred in the jurisdiction of this Court and one or more of Defendant's distributors/retailers operate businesses in

the jurisdiction of this Court, and also because upon information and belief, Defendant's distributors/retailers sell products via their websites to residents within the jurisdiction of this Court.

### Statement of Facts Common to all Counts

*Background of Parties*

8.  Maduka, through his licensees, has established well known and superior quality brands of distinctive soap and related products under the trademarks DUDU-OSUM and DUDU OSUN (collectively, "Maduka Marks"). Maduka, through his licensees, has used the DUDU OSUN mark since at least as early as December 31, 1986 and has used the DUDU-OSUM mark since at least as early as January 31, 2005.

9.  Maduka obtained U.S. Trademark Registration Number: 3,111,704 for DUDU-OSUM on July 4, 2006 ("'704 Registration") in the United States Patent and Trademark Office("USPTO").

10. Maduka filed U.S. Serial Application Number 86/843,504 for DUDU OSUN on December 9, 2015 ("'504 Application") in the USPTO.

11. Maduka, through his licensees, has sold all-natural beauty products including soap and other personal care products made of camwood, shea butter and other natural ingredients that have a proven track record of reducing blemishes, bumps and scars, as well as stretch marks and lines on the skin, under the Maduka Marks.

*Actual Confusion in the Marketplace*

12. In 2017, Maduka has been contacted several times by customers complaining of being injured by Tropical's products offered under the Infringing Mark because the customers mistakenly believe that Tropical's defective products emanate from Maduka.

13. Upon information and belief, Maduka has lost significant sales as a result of customers believing that they are buying Maduka's products, when in fact they are buying the products of Tropical advertised under the Infringing Mark.

14. Maduka's product reputation has also suffered as a result of consumers believing that he is producing defective products, when in fact the defective products are being made and exported by Tropical to be sold in the United States.

**Count I**
**Federal Trademark Infringement Under the Lanham Act**

15. The allegations of paragraphs 1-14, inclusive, are repeated and incorporated herein by reference.

16. Maduka has a valid trademark registration for DUDU-OSUM, U.S. Trademark Registration Number: 3,111,704.

17. Maduka has a valid trademark application for DUDU OSUN, U.S. Serial Application Number: 86/843,504.

18. Maduka has priority of use and superior trademark rights in the Maduka Marks.

19. The Infringing Mark is confusingly similar to the Maduka Marks and used by Tropical in connection with the same or similar goods to the goods offered by Maduka under the Maduka Marks.

20. Tropical's use of the Infringing Mark in connection with the importation, advertising, and sale of soap is likely to cause, and has caused, confusion and deceived the public regarding the source of the goods.

21. Upon information and belief, Tropical was aware of Maduka's use of the Maduka Marks in the United States before is began using the Infringing Mark to export, advertise and sell soap in the United States.

22. Tropical's acts constitute trademark infringement in violation of 15 U.S.C. § 1114 entitling Maduka to damages including attorney's fees under the Lanham Act, 15 U.S.C. § 1117.

23. Maduka has sustained irreparable harm to his business, reputation, and goodwill, and, unless Tropical is enjoined and restrained by this court, Tropical will continue in the activities alleged herein and as a result thereof, Maduka will continue to sustain irreparable harm to his business, reputation and goodwill.

24. Maduka has no adequate remedy at law.

## Count II
## False Designation of Origin/False Description Under the Lanham Act

25. The allegations of paragraphs 1-24, inclusive, are repeated and incorporated herein by reference.

26. Tropical's acts constitute false designation of origin and/or false description in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

27. Tropical's use of the Infringing Mark in connection with the sale of soap falsely describes or represents to the public the source of the soap.

28. Tropical's use of the Infringing Mark in connection with the importation, advertising, use and sale of soap is calculated to deceive the public and pass off Tropical's goods as the goods of Maduka.

29. Tropical has knowingly caused its goods to enter into commerce with knowledge of the falsity of such designation of origin and/or description or representation.

30. On information and belief, Tropical, by its unfair use of the Infringing Mark has made profits to which it is not entitled in law or in equity.

31. Maduka has sustained irreparable harm to its business, reputation, and goodwill, and, unless Tropical is enjoined and restrained by this Court, Tropical will continue in the activities alleged herein and as a result thereof, Maduka will continue to sustain irreparable harm to its business, reputation and goodwill.

32. Maduka has no adequate remedy at law.

33. Tropical's acts have been willful and/or with a wanton and reckless disregard for Maduka's rights.

## Count III
## Trademark Dilution Under the Lanham Act

34. The allegations of paragraphs 1-33, inclusive, are repeated and incorporated herein by reference.

35. The Maduka Marks are famous.

36. Tropical's acts constitute trademark dilution in violation of the Lanham Act, 15 U.S.C. §1125(c).

37. Tropical's use of the Infringing Mark dilutes the distinctive quality of Maduka's Marks.

38. Tropical's acts constitute a willful and deliberate intent to trade on Maduka's business, reputation, and goodwill.

39. Tropical has and will continue to unlawfully procure business that it would not otherwise obtain fairly on the open market, by use of the Infringing Mark.

40. Maduka has sustained irreparable harm to its business, reputation, and goodwill, and, unless Tropical is enjoined and restrained by this court, Tropical will continue to dilute Maduka's Marks and as a result thereof, Maduka will continue to sustain irreparable harm to its business, reputation, and goodwill.

41. Maduka has no adequate remedy at law.

42. Tropical's acts have been willful and/or with a wanton and reckless disregard for Maduka's rights.

### Count IV
### Trademark Dilution Under Pennsylvania Code

43. The allegations of paragraphs 1-42, inclusive, are repeated and incorporated herein by reference.

44. Tropical's acts constitute trademark dilution in violation of 54 Pa. Cons. Stat. Ann. § 1124.

45. Tropical's use of the Infringing Mark dilutes the distinctive quality of Maduka's Marks.

46. As a result of Tropical's acts of trademark dilution, Tropical has and will continue to unlawfully procure business that it would not otherwise obtain fairly on the open market.

47. Maduka has sustained irreparable harm to its business, reputation, and goodwill, and, unless Tropical is enjoined and restrained by this court, Tropical will continue in the activities alleged herein and as a result thereof, Maduka will continue to sustain irreparable harm to its business, reputation and goodwill.

48. Maduka has no adequate remedy at law.

49. Tropical's acts have been willful and/or with a wanton and reckless disregard for Maduka's rights.

### Count V
### Common Law Trademark Infringement and Unfair Competition

50. The allegations of paragraphs 1-49, inclusive, are repeated and incorporated herein by reference.

51. Maduka has superior common law rights in the Maduka Marks having used DUDU OSUM and DUDU OSUN in connection with soap and related products throughout the United States since at least as early as January 31, 2005 and the DUDU OSUN mark in connection with soap and related products throughout the United States since at least as early as December 31, 1986.

52. Tropical's use of the Infringing Mark in connection with soap constitutes common law trademark infringement of Maduka's Marks and common law unfair competition.

53. Tropical's use of the Infringing Mark in connection with soap is likely to cause confusion among consumers as to source, sponsorship by or affiliation with Maduka.

54. Tropical's use of the Infringing Mark is being done with the intent, purpose and effect of procuring an unfair competitive advantage over Maduka by misappropriating the valuable goodwill developed by Maduka in the Maduka Marks.

55. Tropical will continue to unlawfully procure business that they would not otherwise obtain fairly on the open market.

56. Maduka has sustained irreparable harm to its business, reputation, and goodwill, and, unless Tropical is enjoined and restrained by this court, Tropical will continue in the activities alleged herein and as a result thereof, Maduka will continue to sustain irreparable harm to its business, reputation and goodwill.

57. Maduka has no adequate remedy at law.

58. Tropical's acts have been willful and/or with a wanton and reckless disregard for Maduka's rights.

**WHEREFORE,** Maduka demands judgment against Tropical as follows:

1. A permanent injunction restraining Tropical, its importers and distributors, their respective officers, agents, servants, employees, attorneys, and those in active concert or participation with them from:

    A. Using the Maduka Marks or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive including but not limited to the Infringing Mark or variants thereof;

    B. Internet advertising using the Maduka Marks or any colorable imitation thereof, or any other mark, the use of which is likely to cause confusion, or cause mistake, or to deceive including but not limited to use of the Infringing Mark or variants thereof, on www.tropical-naturals.com and Tropical's distributor's websites, a non-exclusive list of which appears below:

    afrikanrepublic.com

    africanshop.shikenan.com

    africansheabutters.blogspot.com

    tropical-naturals.net

       africaimports.com

       ginika.com

       africanartsavon.org

       quaintcurios.org

       belladelicia.net

       elcacique.net

       natureswindsboutique.com

       therootsproducts.com

       trueessence.com

       beautyofnewyork.com

       http://www.houseofbeautyworld.com/trnaduosblso.html.

2. An order of this Court requiring Tropical to take all steps necessary to remove the Infringing Mark or any other name, mark or symbol, likely to cause confusion with the Maduka Marks, from any brochures, advertisements, or any other materials printed or to be printed or distributed (including internet distribution).

3. An order of this Court refusing registration of Tropical's trademark application for the Infringing Mark and any similar mark in the U.S. Patent and Trademark Office.

4. Damages to be paid to Maduka by Tropical as follows:

    A. Actual damages sustained as a result of Tropical's wrongful actions;

11

      B. Tropical's profits made as a result of its wrongful actions;

      C. Exemplary and/or treble damages;

      D. Interest, attorney's fees and costs associated herewith; and

      E. An award of prejudgment and post-judgment interest and costs of suit.

## DEMAND FOR JURY TRIAL

Maduka hereby demands a jury trial on all issues and claims so triable.

                                      Respectfully submitted,

                                      Ryder, Lu, Mazzeo & Konieczny LLC

Date:  4/21/17                           By: /FrankAMazzeo/
                                      Frank A. Mazzeo
                                      Beth Anne Powers
                                      808 Bethlehem Pike, Suite 200
                                      Colmar, PA 18915
                                      Tel: (215) 997-0248
                                      Fax: (215) 997-0266
                                      fmazzeo@ryderlu.com
                                      bpowers@ryderlu.com

                                      *Attorneys for Plaintiffs*